In Re: The Appeal of William H. Paul and Dr. W. Richard Kettering from the Decision of the Lancaster County Planning Commission etc. William H. Paul, Appellant.

Argued May 6, 1982, before President Judge CRUMLISH and Judges CRAIG and DOYLE, sitting as a panel of three.

*Kenneth C. Notturno, Notturno, Russell, Krafft & Gruber,* for appellant.

*Charles B. Grove, Jr., Blakinger, Grove & Chillas, P.C.,* for appellee, Lancaster County Planning Commission.

*Lewis I. Farina,* with him *Richard P. Nuffort, Geisenberger, Zimmerman, Pfannebecker & Atlee,* for intervenors, Lancaster Arms Associates, National Development Enterprises, Berger Brothers and Max Berger.

OPINION BY JUDGE CRAIG, July 19, 1982:

This is a subdivision regulation case, seeking review of an order of the Court of Common Pleas of Lancaster County, which dismissed objector William H. Paul's appeal from the Lancaster County Planning Commission's grant of certain specific waivers to developer Lancaster Arms Associates.

This case involves the Lancaster County subdivision ordinance, which is administered by the Lancaster County Planning Commission; no township, borough or city ordinance is involved. We note also that Lancaster County has no zoning ordinance and no zoning hearing board.

We must decide two issues: In this subdivision control case, what remedy does the objector have when the political subdivision has no zoning hearing board? Was it incumbent upon the objector to exhaust the administrative appeal process provided by the county ordinance?

The Municipalities Planning Code (MPC),[1] Section 1007[2] provides that persons aggrieved by a municipal agency's decision permitting development on the land of another shall submit their objections to the "zoning hearing board," thus establishing a statutory procedure under which aggrieved persons may secure adjudicative review of a planning commission's action in its administration of a subdivision ordinance. See Ryan, *Pennsylvania Zoning Law and Practice,* Section 11.3.2 (1979). However, because Lancaster County has no zoning hearing board, MPC §1007 cannot be applicable here.

Nevertheless, Lancaster County Subdivision Ordinance §804.02[3] provides "any aggrieved person"

---

[1] Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101-11202.

[2] 53 P.S. §11007.

[3] Ordinance Section 804 states:

Any person aggrieved by a finding, decision, or recommendation of the Commission with respect to the approval or disapproval of a plan or waiver request may appeal in either of two ways specified below:

804.01 The decision may be appealed, as provided for in Pennsylvania Municipalities Planning Code, Act 247 of 1968, as amended.

804.02 The decision may be appealed to the Commission, in writing, within ten (10) days after the date of action of the Commission. Upon receipt of such appeal and after proper notification of any parties in interest, the Commission shall hold a public hearing. After such hearing the Commission may affirm, modify, or reserve the previous action by a recorded vote. The findings and reasons for the disposition of the appeal shall be stated on the records of the Commission, and a copy shall be given to the party who has made the appeal. This decision may be further appealed as provided for in the Pennsylvania Municipalities Planning Code, Act 247 of 1968, as amended. The time for the submission of such an appeal shall start after the Commission's final decision on the appeal.

Under Section 804 the term "any person aggrieved" obviously can include either an applicant or an objector.

with an opportunity for an administrative appeal, with a public hearing, after the planning commission has taken its action on a plan. This procedure is thus analogous to zoning procedure, where an administrative appeal and hearing before a zoning hearing board is available after the zoning officer has taken his administrative action (*e.g.*, granting or refusing a permit).

Under the Lancaster County ordinance, the socalled "waiver" of a specific design requirement is a different animal from a zoning variance; the former is an ordinance provision implementing MPC §503 (5),[4] authorizing flexibility in the subdivision control process, while the latter is an adjudicative departure from the ordinance authorized by statute. See MPC §§908, 912.[5]

After an administrative appeal under Ordinance §804.02, an appeal to court, not being available under MPC §1007, is available under the Local Agency Law.[6] *See Township of Lawrence v. Thompson,* 13 Pa. Commonwealth Ct. 90, 92-93 n. 1, 318 A.2d 759, 760 n. 1 (1974). If the objector had pursued his remedy under the ordinance, he would have had standing, as an "aggrieved person," to appeal the resulting adjudication to court under 2 Pa. C. S. §752.[7]

However, this appeal lacks any foundation, under either the Local Agency Law or MPC. The objector, fully apprised of the waiver action because he was present at the meeting at which it was made, did not

---

[4] 53 P.S. §10503(5).

[5] 53 P.S. §§10908, 10912.

[6] 2 Pa. C. S. §§551-555, 751-754.

[7] 2 Pa. C. S. §752 states:

Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals. . . .

512

exhaust the administrative remedy under the ordinance. *Canonsburg General Hospital v. Department of Health,* 492 Pa. 68, 422 A.2d 141 (1980).

Because he must be deemed to know the ordinance upon which he relies substantially, **there is no basis** for his claim that the ten-day period for appeal under Section 804.02 is too short.[8]

Accordingly, we affirm the dismissal of the appeal, for failure to exhaust the administrative remedy provided.

ORDER

Now, July 19, 1982, the order of the Court of Common Pleas of Lancaster County, dated May 29, 1981, is hereby affirmed.

---

[8] We note, however, that under the MPC, the time for appeal to the zoning hearing board is usually thirty days. See MPC §§915 and 1006(2).